GRIFFIN, Judge,
dissenting.
I respectfully dissent from the majority’s decision to send this long-pending adoption proceeding back to the lower court for a new hearing based on the failure to give notice to Mr. and Mrs. Henriquez, the parents of the child’s natural mother whose parental rights had already terminated based on the mother’s consent.[1] The adoption agency commenced adoption proceedings on behalf of Mr. and Mrs. Stevens, the prospective parents approved by the adoption agency, who have had custody of this child almost since the child’s birth. The petition of Mr. and Mrs. Henriquez, originally filed in another division, was ordered consolidated with the adoption petition of the Stevens. The ground for reversal is that the Henriquezes were not served with the notice for hearing in the Stevens adoption. I do not think this was reversible error for three reasons.
First, since the termination of their daughter’s parental rights also terminated their statutory adoption priority, they did not have any legal basis to prevent the Stevens’ adoption. Stefanos v. Rivera-Berrios, 673 So.2d 12 (Fla.1996). Second, since the Henri-quezes had no special status that would permit interference in the Stevens’ adoption, their only avenue was to prosecute their own pending adoption petition. Since these cases involving competing adoptions appear to be, to a certain extent, races to the courthouse, by electing not to proceed with the one right that they did have — i.e. their own adoption— they cannot contend they were prejudiced by lack of notice of a hearing in the Stevens’ adoption. Finally, because the Henriquezes could not have adopted the child at all in the face of the adoption agency’s statutory grant of authority to make the recommendation concerning who the adoptive parents would be, there could be no prejudice in the lack of notice. Even if the Henriquezes had been at the hearing on the Stevens’ petition, the trial court was without the power to give Mr. and Mrs. Henriquez any relief. C.S. v. S.H., 671 So.2d 260 (Fla. 4th DCA 1996); § 63.062, Fla. Stat. (1995).
This child, from within days of its birth, and for the last four years, has been with the Stevens. The Henriquezes have not had visitation since 1992. Since there is no possibility that the Henriquezes could succeed in adopting this child, the litigation should end.

. The mother later sought to withdraw her consent, prompting litigation that included an appeal in this court. The background of this case is detailed in the lengthy opinions found in Henriquez v. Adoption Centre, Inc., 641 So.2d 84 (Fla. 5th DCA 1993), review denied, 649 So.2d 233 (Fla.1994).